John F. Sherman
vs.  No. 84504.
Mariano Vervena

John F. Sherman, Jr., p. a.
vs.  No. 84503.
Mariano Vervena

October 20, 1931.

BLODGETT, P. J. Heard upon demurrer to amended fourth counts of declarations.

January 10, 1931, the Court filed a rescript sustaining demurrers to the original fourth counts.

The counts as amended are the same as the original and the grounds of demurrer the same. Practically the proceeding is a rehearing of the original demurrer.

The points raised in the demurrer are based upon the case of Angelo Paolino v. Frank McKendall, 24 R. I. 432.

In that case a bonfire in an open lot attracted children, one of whom was injured. Action was brought on behalf of the child, and the declaration alleged that the lot in question had been used by neighbors and their children as a common playground, with the knowledge and consent and by invitation of the owner thereof.

The declaration consists of five counts, four of which, viz.: Counts 1, 2, 3 and 5 set forth a direct invitation of defendant to the plaintiff to enter the house in a room of which it is alleged a loaded gun was left accessible to any person entering said room, and set forth that said plaintiff possessed himself of same and shot the plaintiff. No demurrer has been filed to these counts.

In the fourth count, plaintiff does not allege a direct but an implied invitation to plaintiff to enter said premises, and set forth the so-called "attractive nuisance doctrine" and a duty on the part of defendant to recognize that a loaded gun left accessible to any visitor of tender years invited upon the premises by an implied and not a direct invitation, was an attraction to such a child.

There is no allegation in said count of any duty on the part of defendant to warn children of the danger of such a gun, or to guard against the taking of such gun by a child of tender years.

A careful examination of Paolino v. McKendall, (supra) leads the Court to the opinion that the present action, as set forth in said fourth count, comes within the opinion of Mr. Justice Rogers in the Paolino case. The opinion discusses at great length and very thoroughly the opinions of the various courts upon this question and the reasons for not sustaining the doctrine of the "turntable cases," so-called.

Apparently what the plaintiff had, as set out in said fourth count of the action, was a license to enter the premises, and the duty of an owner toward a licensee, as set forth in the Paolino case, is not the same as toward one directly invited.

Demurrers to fourth count sustained in each case.

For plaintiff: Philip C. Joslin.

For defendant: Greenough, Lyman & Cross.